IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America | ) | Cr. No.  7:99-610 - HMH |
| | ) | C.A. No.  7:05 -1379 - HMH |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Brooks James Terrell, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on a letter from Brooks James Terrell ("Terrell") in which Terrell raises a collateral attack on his conviction and sentence.  The court construes the letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Terrell previously brought a motion under 28 U.S.C. § 2255, arguing that he received constitutionally ineffective assistance of counsel at trial.  However, Terrell failed to provide any evidence showing that he was prejudiced by counsel's alleged ineffective assistance.  Thus, Terrell could not satisfy the test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and the court summarily dismissed his § 2255 motion.  United States v. Terrell, C.A. No. 02-3896 (D.S.C. Dec. 17, 2002) (unpublished).

A prisoner's right to bring a second or successive § 2255 motion is limited by 28 U.S.C. § 2255 and  28 U.S.C. § 2244(b)(3).  See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).  Specifically, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals."  Id.  Otherwise, in the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims or even a claim which was not presented in the original motion.  Id.; see Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000) (noting that, without pre-filing authorization, the district court lacks jurisdiction to consider a claim which

1

Dockets.Justia.com

was not presented in an initial § 2255 motion that was decided on the merits). Because Terrell's

allegations attack his conviction and sentence, the court finds that his motion is a successive

§ 2255 motion.[1] Finally, as Terrell has failed to obtain pre-filing authorization from the United

States Court of Appeals for the Fourth Circuit, the court dismisses the motion for lack of

jurisdiction.

It is therefore

**ORDERED** that the clerk of court is instructed to docket Terrell's letter as a motion

brought pursuant to § 2255. It is further

**ORDERED** that Terrell's § 2255 motion is dismissed.

**IT IS SO ORDERED.**


         s/ Henry M. Herlong, Jr.
         United States District Judge


Greenville, South Carolina
May 11, 2005


**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.

_____

[1] Because this is a successive motion pursuant to § 2255, this case is not controlled by
United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), which provides guidance in instances
where the court chooses to construe a motion as a movant's first § 2255 motion.